UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**OWNER-OPERATOR INDEPENDENT
DRIVERS ASSOCIATION, INC., et al,**

        **Plaintiffs,**

vs.                                                    **CASE NO. 3:02-cv-1005-J-25HTS**

**LANDSTAR SYSTEM, INC., et al,**

        **Defendants.**
_____/

## ORDER

**THIS CAUSE** is before this Court on Defendants' Amended Motion to Stay and Compel Arbitration (Dkt. 27), and Plaintiffs' response thereto (Dkt. 42). By this Motion, Defendants seek to dismiss or stay these proceedings pending arbitration. Upon consideration, having reviewed the pleadings filed by the parties, this Court finds as follows:

The instant action is brought by Plaintiff drivers who are owner-operators of truck tractors who lease their equipment and their services to motor carriers that haul freight in interstate commerce, pursuant to operating authority issued by the U.S. Department of Transportation (DOT), and the Federal Motor Carrier Safety Administration (FMCSA). Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), is a business association of persons and entities who own and operate motor vehicles, in its representative capacity, and by individual owner-operators G. L. Brewer, Gerald E. Eidam, Jr., Carey R. Laue, James E. Michael, Robert Penman and James E. Schmidt. This action arises out of 49 U.S.C. §§ 14102, 14704 [provisions within the Interstate Commerce Commission Termination Act ("ICCTA")] and 49 CFR Part 376, *et seq.*

Plaintiffs maintain that Defendants present drivers with pre-printed contracts containing an

arbitration clause.[1] These take it or leave it contracts unfairly advantage Defendants and preclude Plaintiffs from an effective and accessible forum in which to vindicate their federal statutory claims, according to Plaintiffs.

Defendants seek to compel arbitration of the claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*[2] Defendants are seeking: i) concerning Penman and Laue, a stay and order compelling arbitration in accordance with the Florida agreements; ii) concerning Brewer, a stay of the proceedings pending arbitration; and iii) concerning Eidam and Michael, a stay of the proceedings pending arbitration.[3]

Plaintiffs assert that the arbitration clauses do not fall within the ambit of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.* Section 2 of the FAA provides:

> [a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out fo such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. 9 U.S.C § 1, however, limits the scope of the FAA with the following language: "but

---

[1] Brewer entered into an agreement with Defendant Inway in which the arbitration clause mandated arbitration in Illinois. Penman and Laue agreed to arbitrate with Ranger in Florida. Eidam and Michael contracted with Ligon mandating arbitration in Kentucky. Schmidt's agreement, however, did not contain an arbitration clause.

[2] Defendants do not seek to compel the arbitration of the claims brought by Schmidt.

[3] An order compelling arbitration is not sought from this Court concerning Plaintiff Brewer as a Complaint seeking to compel arbitration has been filed in the United State District Court for the Northern District of Illinois. Similarly, a Complaint to compel arbitration has been filed in the United States District Court for the Western District of Kentucky by Defendant Ligon concerning Plaintiffs Eidam and Michael.

2

nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." Therefore, should Plaintiffs' qualify as workers engaged in interstate commerce and should their agreements with Defendants' qualify as employee contracts, the FAA would not apply to this case.

Truck drivers have been determined to fall within the workers engaged in foreign or interstate commerce language of the FAA. *Gagnon v. Service Trucking, Inc.*, 266 F.Supp.2d 1361, 1364 (M.D. Fla. 2003)(citing *Circuit City Stores, Inc. V. Adams*, 532 U.S. 102 (2001); *American Postal Workers Union, AFL-CIO v. United States Postal Service*, 823 F. 2d 466 (11th Cir. 1987)).[4]

Therefore, this Court must next determine if the agreements entered into by Plaintiffs' can be termed employment contracts, thereby removing them from the dictates of the FAA. *Gagnon*, 266 F.Supp.2d at 1364. The court in *Gagnon* looked to "federal law dealing with Motor Carriers to determine whether the contract [was] one of employment or whether the contract establishe[d] an independent contractor relationship." Relying on *Judy v. Tri-State Motor Transit* Co., 844 F.2d 1496, (11th Cir. 1988), the *Gagnon* court maintained the Eleventh Circuit held that 49 U.S.C. §14102 "created a *statutory employer-employee* relationship between truck drivers and motor carriers." *Gagnon*, 266 F.Supp.2d 1365 (citing *Judy*, 844 F.2d at 1500-01).

This Court agrees with the *Gagnon* court's reading of *Judy*, and concludes that by operation of federal law the individual Plaintiffs and Defendants have an employee-employer relationship. *See* 49 U.S.C. §14102 ; *Judy*, 844 F.2d at 1500-01.

To buttress its conclusion, the *Gagnon* court also looked at "the application of common law

---

[4] The lease agreements in the instant case concern interstate commerce. Plaintiffs assert that the lease agreements in this cause concern interstate commerce in the Complaint (Dkt. 1) an assertion which Defendants do not dispute.

agency principles under federal law [to] further support[] the conclusion that the Lease Agreement [was] an employment contract." *Id.* The court analyzed thirteen relevant common law agency factors to determine if an employment relationship existed after which it concluded that the relationship was "more in the nature of an employment relationship." *Id.*[5] Much as the *Gagnon* court concluded the common law factors equaled an employee-employer relationship, so too does this Court. Hence the lease agreements are not enforceable under the FAA, as they merely sets out the terms of the employer-employee relationship as established by 49 U.S.C. §14102. As this issue is dispositive, the remaining assertions of the parties need not be addressed.

Accordingly, it is **ORDERED**:

Defendants' Amended Motion to Stay and Compel Arbitration (Dkt. 27) is **DENIED**.

**DONE AND ORDERED** in Chambers this 30th day of September, 2003.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Courtroom Deputy

---

[5] The *Gagnon* court found the following controlling: "Defendant has control over and is responsible for operating the vehicles leased to it, which is one of the key indicia of an employment relationship"; the lease agreement was "renewable each year after its initial expiration at the end of the year"; "the work – providing transportation of goods – is the main focus of Defendant's regular motor carrier business"; and "Defendant is responsible under the Lease Agreement for securing and distributing to Plaintiff permits for road use, mileage and fuel taxes." *Gagnon*, 266 F.Supp.2d at 1365.

4

F I L E   C O P Y

Date Printed: 09/30/2003

Notice sent to:

   ___  Michael R. Freed, Esq.
        Brennan, Manna & Diamond, PL
        Humana Centre Building
        76 S. Laura Street, Ste. 1700
        Jacksonville, FL  32202

        3:02-cv-01005   spw

   ___  Paul D. Cullen, Esq.
        The Cullen Law Firm, PLLC
        1101 30th St., N.W., Suite 300
        Washington, DC  20007-3770

        3:02-cv-01005   spw

   ___  Joseph A. Black, Esq.
        The Cullen Law Firm, PLLC
        1101 30th St., N.W., Suite 300
        Washington, DC  20007-3770

        3:02-cv-01005   spw

   ___  Daniel R. Unumb, Esq.
        The Cullen Law Firm, PLLC
        1101 30th St., N.W., Suite 300
        Washington, DC  20007-3770

        3:02-cv-01005   spw

   ___  Lawrence Joseph Hamilton II, Esq.
        Holland & Knight LLP
        50 N. Laura St., Suite 3900
        P.O. Box 52687
        Jacksonville, FL  32201-2687

        3:02-cv-01005   spw

   ___  Daniel R. Barney, Esq.
        Scopelitis, Garvin, Light & Hanson, P.C.
        1850 M St., NW, Suite 280
        Washington, DC  20036-5804

        3:02-cv-01005   spw

   ___  Gregory M. Feary, Esq.
        Scopelitis, Garven, Light & Hanson, P.C.
        10 W. Market St., Suite 1500
        Indianapolis, IN  46204-2968

        3:02-cv-01005   spw

___ Robert L. Browning, Esq.
    Scopelitis, Garven, Light & Hanson, P.C.
    10 W. Market St., Suite 1500
    Indianapolis, IN  46204-2968

    3:02-cv-01005    spw

___ Timothy W. Wiseman, Esq.
    Scopelitis, Garven, Light & Hanson, P.C.
    10 W. Market St., Suite 1500
    Indianapolis, IN  46204-2968

    3:02-cv-01005    spw