UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Owner-Operator Independent Drivers
Association, Inc., et al.,

      Plaintiffs,

v.                                   Case No.  3:02-cv-1005-J-25MCR

Landstar System Inc., et al.,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion for Leave to Further Depose Individual Plaintiffs (Doc. 280) filed May 25, 2006.  Plaintiffs filed an opposition to this motion (Doc. 286) on June 7, 2006.  Accordingly, the matter is ripe for judicial review.[1]

## I.    BACKGROUND

This case involves Plaintiffs' claims that the owner-operator leases of Defendants, Landstar Inway, Inc., Landstar Ligon, Inc. and Landstar Ranger, Inc. (collectively, "Landstar") failed to comply with federal Truth-in-Leasing regulations.  Plaintiffs sought to maintain the lawsuit as a class action comprised of owner-operators who entered into federally regulated leases with Landstar after November 1, 1998.  The Court granted Plaintiff's Motion to Certify a Class on August 30, 2005 (Doc. 199), set a

---

[1] On June 9, 2006, Defendants filed a motion for leave to file a reply (Doc. 287). The Court has reviewed the reply and as such will grant that motion.

deadline of December 19, 2005 for all discovery and set the case for trial in April 2006. Id. On December 2, 2005, Landstar filed a Motion for Continuance of Trial (Doc. 210) asking the Court to continue the trial to December 2006 "due to unique problems and complexities related to class-wide electronic data issues." (Doc. 210, p.1). On January 27, 2006, Judge Adams granted a continuance and placed the trial on the October 2006 calendar. (Doc. 230). Discovery was also continued to June 15, 2006. Id.

The parties have had their fair share of discovery disputes requiring court intervention. The current dispute centers around Landstar's claims that it should be entitled to re-depose the Named Plaintiffs because during the initial depositions, Landstar was unable to obtain testimony on critical issues in the case due to legal uncertainties and the Plaintiffs' inadequate responses. (Doc. 280, p.2). Plaintiffs object to the depositions arguing that a second round of depositions would be unnecessary and duplicative. (Doc. 286). Alternatively, Plaintiffs ask that should the Court allow Landstar to take the depositions, it order Landstar to pay all costs, including Plaintiffs' attorney fees, for these depositions. (Doc. 286, p.12, fn. 4).

## II. ANALYSIS

Pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, the person to be examined already has been deposed in the case." Rule 30(a)(2)(B), Fed.R.Civ.P. Rule 26(b)(2) allows the Court to limit discovery if it finds:

> (i) the discovery sought is unreasonably cumulative or
> duplicative, or is obtainable from some other source that is
> more convenient, less burdensome, or less expensive; (ii)
> the party seeking discovery has had ample opportunity by
> discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit, taking into account the needs of
> the case, the amount in controversy, the parties' resources,
> the importance of the issues at stake in the litigation, and the
> importance of the proposed discovery in resolving the
> issues.

Rule 26(b)(2), Fed.R.Civ.P. The Court agrees with Landstar that it is the Plaintiffs' burden to demonstrate one of the three Rule 26(b)(2) factors should prevent the second deposition. Judicial Watch, Inc. v. U.S. Dept. of Commerce, 34 F.Supp.2d 47, 54 (D. D.C. 1998). In their response, Plaintiffs argue that a second deposition would be unreasonably cumulative or duplicative and that the burden of the second depositions would outweigh any benefit because Plaintiffs are busy attempting to complete expert discovery before the cut-off date. (Doc. 286).

    The Court does not believe Plaintiffs have satisfied their burden to show that the depositions should not be allowed. The Court finds Landstar has presented sufficient need to re-depose three Named Plaintiffs. While some of the information sought during these depositions may be duplicative, the Court does not believe it will be unreasonably so. Landstar has shown that some of the Named Plaintiffs were unable to provide testimony regarding their claims in this case. Additionally, the Court does not find the burden on Plaintiffs outweighs the likely benefit of these depositions. The parties are free to agree to take these depositions after the close of discovery, June 15, 2006 and therefore, Plaintiffs will be able to continue to focus on the completion of their expert

discovery. Additionally, counsel for Landstar has offered to travel to the hometowns of these individuals for the depositions. As such, the Court will allow Landstar to re-depose Plaintiffs, G.L. Brewer, Gerald E. Eidam, Jr. and James E. Mitchell.

While the Court will not place any limitations on the questions posed to the Plaintiffs for fear that any such limitations would result in more bickering between counsel, the Court will limit the length of these depositions. Landstar shall have five hours for each deposition. The Court will not require Landstar to pay all of the costs associated with these depositions.

The Court will now turn to an unrelated issue that has been bothering the Court. Counsel for Landstar appears to be engaging in a pattern of filing extremely lengthy motions, which include numerous footnotes. For example, the instant motion is twenty-two pages in length and includes twenty-four single-spaced footnotes typed in extremely small font. Such tactics make the Court's job of reading the pleadings rather unpleasant. The Court will no longer allow Landstar to sidestep the Local Rules in this fashion and will not accept lengthy briefs containing excessive footnotes. Indeed, the Court has briefly reviewed Landstar's Motion to Compel (Doc. 285) and notes that it is again twenty-two pages in length and contains thirty-nine footnotes, many of which are extremely lengthy. Because the Court values its eyesight, it will strike that Motion and order Landstar to re-file a motion to compel which complies with the page limitations of this Court.

Accordingly, after due consideration, it is

**ORDERED**:

1.	Defendants' Motion for Leave to Further Depose Individual Plaintiffs (Doc. 280) is **GRANTED**.

2.	Defendants' Motion for Leave to File a Reply (Doc. 287) is **GRANTED** and the Clerk is directed to file the Reply attached as an exhibit to Doc. 287.

3.	Defendants' Motion to Compel (Doc. 285) is ordered **STRICKEN**. Defendants shall file an amended motion to compel which complies with the rules of this Court.

**DONE AND ORDERED** at Jacksonville, Florida this __14th__ day of June, 2006.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record